UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Superior Dairy, Inc., | ) | CASE NO.: 5:11CV1979 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| Thomas Vilsack, Secretary of Agriculture, et al., | ) ) ) | |
| | ) | (Resolves Doc. 2) |
| Defendants. | ) ) | |

This matter comes before the Court on Motion by Plaintiff Superior Dairy, Inc. ("Superior Dairy") for a Temporary Restraining Order. Doc. 2. The Court has been advised, has reviewed the parties' motions and supporting documents, and has reviewed the applicable law. For the reasons that follow, the motion is DENIED.

**I.    Facts**

The United States Department of Agriculture ("USDA') has a public hearing scheduled for October 4, 2011, in Cincinnati, Ohio. During that hearing, the USDA intends to hear proposed amendments to rules affecting Milk in the Mideast Marketing Area. Superior Dairy contends that these proposed amendments target it and only it. Moreover, Superior Dairy contends that such amendments, if they are adopted, will place it in a competitive disadvantage within the region.

To counteract these proposals, Superior Dairy offered its own proposals and requested that the Secretary of the USDA include its proposals at the October 4, 2011 hearing. The Secretary declined, indicating that the proposals would substantially expand the scope of the issues being presented. Superior Dairy also suggested that a national hearing be scheduled in order to entertain its proposals. The Secretary likewise responded that he did not believe that a national hearing was warranted.

On September 20, 2011, Superior Dairy filed its complaint and request for injunctive relief with this Court. In response, the Secretary moved to dismiss the complaint and opposes any form of injunctive relief. The Court also granted the unopposed motion to intervene filed by nine dairy farmer cooperatives: Continental Dairy Products, Inc., Dairylea Cooperative, Inc., Dairy Farmers of America, Inc., Erie Cooperative Association, Foremost Farms USA Cooperative, Inc., Michigan Milk Producers Association, Inc., NFO Inc., Prairie Farms Dairy, Inc., and White Eagle Cooperative Association (collectively, the "Cooperatives"). The Cooperatives also oppose injunctive relief. Furthermore, the Court granted leave to certain parties to participate in this matter as *amici curiae*. Specifically, Darigold, Inc., Guers Dairy, Galliker Dairy Company, Schneider-Valley Farms, and Dean Foods Company were permitted to make filings. These filings likewise oppose injunctive relief.

Having reviewed the motion, oppositions, and reply, the Court now resolves the pending request that seeks to halt or alter the scope of the October 4, 2011 hearing.

## II. Law and Analysis

When determining whether to issue a temporary restraining order or a preliminary injunction, this Court considers the following four factors:

> (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction.

*McPherson v. Michigan High Sch. Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (en banc) (quoting *Sandison v. Michigan High Sch. Athletic Ass'n*, 64 F.3d 1026, 1030 (6th Cir. 1995)). This Court must balance the four factors while noting that none should be considered a prerequisite to the grant of injunctive relief. See *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Reg'l Transit Auth.*, 163 F.3d 341, 347 (6th Cir. 1998).

A.  **Likelihood of success on the merits**

The Court finds that Superior Dairy has not demonstrated through motion practice a strong likelihood of success on the merits with respect to its claims surrounding the October 4, 2011 hearing. There are several hurdles that appear to stand in the way of success for Superior Dairy in this matter.

First, from the Court's initial review, the collective defendants have offered strong arguments that Superior Dairy has failed to exhaust its administrative remedies before filing this suit.

> Since the AMAA was enacted in 1937, courts have repeatedly held that its exhaustion requirement is mandatory, and that aggrieved handlers may not seek judicial review of milk marketing orders until they have exhausted their administrative remedies. *See Block*, 467 U.S. at 346, 104 S.Ct. 2450 (stating that "handlers may obtain judicial review" only after exhausting the AMAA's "formal administrative remedies"); *Ruzicka*, 329 U.S. at 294, 67 S.Ct. 207 (holding that "resort may be had to the courts" only after administrative remedies have been exhausted); *Hershey Foods*, 293 F.3d at 527 ("A handler of milk thus *must* petition the Secretary before seeking judicial review of a milk marketing order ....") (emphasis added); *United States v. United Dairy Farmers Co-op. Ass'n*, 611 F.2d 488, 490 (3d Cir. 1979) ("It has long been established that the administrative relief provided in the [AMAA] is not merely permissive but *exclusive* in the first instance: any challenge to the applicability of an order *must* first be made administratively.") (emphasis added); *Dairylea Co-op.*, 504 F.2d at 80 (holding that "handlers may apply for judicial review of agricultural orders only after exhausting their administrative remedies").
>
> Consistent with this long line of cases, we hold that the AMAA's administrative appeal process is a *mandatory* procedure that handlers must follow prior to seeking judicial review of a milk marketing order.

*Edaleen Dairy, LLC v. Johanns*, 467 F.3d 778, 784-85 (C.A.D.C. 2006).   In reversing an injunction entered on a pre-hearing complaint, the Eleventh Circuit noted as follows:

> The district court dismissed this exhaustion requirement by claiming that 7 U.S.C. § 608c(15)(A) "pertains to a review of grievances after an order has been issued and, thus, is not pertinent to the question at hand concerning a pre-hearing complaint." This reasoning flatly contradicts section 608c(15)'s language. If the statutory review procedures do not apply to an order before it issues, the administrative process could be interrupted at every step by injunctive orders. It would be perverse to permit an aggrieved handler, at its mere whim, to repair to the district court and interrupt the administrative process before an order issues, but insist that the handler exhaust the administrative remedies after the order issues. Such a practice would undermine the Secretary's ability to function effectively, and would thwart Congressional intent as to when judicial review should occur.

*Alabama Dairy Products Ass'n*, *Inc., v. Yeutter*, 980 F.2d 1421, 1423 (11th Cir. 1993).

Superior Dairy likewise appears to argue that its exhaustion requirement should somehow be excused.

> Accordingly, the October 4 hearing is the only hearing in which the Superior proposals might be given fair consideration, but USDA has decided to exclude them from the hearing agenda. At the same time, Superior Dairy's opponents maintain that Superior Dairy must endeavor to further seek consideration of its proposals in the proceedings in Cincinnati before it may apply for judicial relief. How that might be done, when agency policy is that such proposals "cannot be discussed" in Cincinnati, is not explained by Superior's opponent competitors.

Doc. 29 at 3.  Thus, it appears that Superior Dairy contends that any attempt to exhaust its administrative remedies would be futile.  However, as noted above, the exhaustion requirement is mandatory.  Furthermore, despite the extensive briefing in this matter and thorough research by the Court, no law has been found that would even allow consideration of this futility argument.  Accordingly, Superior Dairy has not demonstrated a strong likelihood of success on the merits.

Additionally, the Court finds it unlikely that Superior Dairy could succeed even if the Court were to excuse the exhaustion requirement.  "While the Secretary's marketing regulations are referred to as 'orders,' they are really instances of notice and comment rulemaking. The Secretary has the authority to determine the reasonable scope of a rulemaking proceeding and this court will not interfere unless that determination has been shown to be arbitrary and capricious." *Marketing Assistance Program, Inc. v. Bergland*, 562 F.2d 1305, 1307 (C.A.D.C. 1977).  In this regard, Superior Dairy seems to assert that the Secretary gave insufficient reasons for refusing to consider its proposed amendments.  However, on the record before this Court, it seems apparent that the Secretary declined to include those amendments because they would substantially expand the scope of the currently scheduled hearing.  It is unclear what further explanation Superior Dairy believes that the law requires.  It is clear, however, that Superior Dairy has not demonstrated a strong likelihood of success on the merits.

### B. Irreparable injury

Superior Dairy has likewise failed to demonstrate irreparable harm. With respect to this prong, Superior Dairy's argument hinges upon a belief that it has been deprived of meaningful participation in the rulemaking process. However, to justify this position, one must first find that Superior Dairy is likely to succeed on its claim that the Secretary acted arbitrarily and capriciously. As noted above, this fact has not been demonstrated.

Furthermore, it is undisputed that Superior Dairy may participate in the upcoming hearing, offer argument and evidence against the items properly on the agenda, and have its voice heard. The simple fact that Superior Dairy has not been permitted to dictate the precise scope of the hearing does not somehow translate to a demonstration of irreparable harm. Accordingly, this prong also weighs against granting injunctive relief.

### C. Substantial harm to others

In contrast, the grant of injunctive relief in this matter would serve to harm others. Others that proposed rulemaking have followed the administrative process. That process has culminated in the now pending and properly noticed hearing on October 4, 2011. Allowing Superior Dairy to circumvent the exhaustion requirement and postpone the hearing through a legal proceeding filed only two weeks before the hearing would cause harm to all those that have relied upon the statutorily created system. As such, this prong also weighs against relief.

### D. Public interest

Finally, the public has an interest in seeing that the properly noticed hearing goes forward. Furthermore, as the hearing is open and will allow arguments both in favor and against the items on the agenda, the public interest is again served by open debate sooner rather than later. Accordingly, this final prong also weighs against injunctive relief.

**III.** **Conclusion**

Superior Dairy's motion for a temporary restraining order is DENIED.   The October 4, 2011 hearing may go forward as scheduled.   A telephone conference in this matter is hereby scheduled for October 14, 2011 at 1:00 p.m.   Counsel only need participate, and Plaintiff's counsel shall initiate the call to the Court at (330) 252-6070 with all counsel for defendants and the *amici* on the line.

IT IS SO ORDERED.


Date: September 29, 2011                              ____*/s/ Judge John R. Adams*_____
                                                     JUDGE JOHN R. ADAMS
                                                     UNITED STATES DISTRICT COURT