UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Superior Dairy, Inc., | ) | CASE NO: 5:11CV1979 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| Thomas Vilsack, Secretary of Agriculture, | ) | (Resolving Doc. 20) |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on a motion to dismiss filed by the Defendant Thomas Vilsack ("the Secretary"). Doc. 20. Having reviewed the pleadings, briefs, and applicable the law, the Court hereby GRANTS the motion. The complaint is hereby DISMISSED

   **I. Facts**

Plaintiff Superior Dairy filed its complaint seeking declaratory and injunctive relief. At issue are regulations and rule-making related to Federal Milk Marketing Orders ("FMMOs"). These FMMOs are regulations issued by the United States Department of Agriculture and govern transactions between milk producers and milk handlers.

On June 17, 2011, the United States Department of Agriculture ("USDA") received a proposal and request for hearing to amend certain provisions of the Pool Distributing Plant in the Mideast Milk Marketing Order. Following receipt of that proposal, the USDA sent out invitations seeking additional proposals for amending the pooling standards in the Mideast Milk Marketing Order. Superior Dairy responded to the

proposal by seeking to modify or eliminate what is known as the Wichita Plan -- a proposal that would have effects far beyond just the Mideast Marketing area. In the alternative, Superior Dairy proposed expanding the definition of certain marketing areas to include other counties not currently covered.

Initially, the USDA declined to consider Superior Dairy's proposals, finding them well beyond the scope of the scheduled hearing. Superior Dairy responded by requesting reconsideration and in the alternative requesting a national hearing. Both requests were denied.

Superior Dairy then filed this suit and sought to enjoin the hearing from taking place or in the alternative sought an order requiring that its proposals be considered. This Court denied any request for injunctive relief. In the interim, Defendant moved to dismiss the complaint, asserting a failure to exhaust administrative remedies. The matter is now fully briefed and the Court will resolve the pending arguments.

**II. Legal Standard**

The Sixth Circuit stated the standard for reviewing a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim

> unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id.* at 548. Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotations omitted).

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations. *Id*. Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id.* Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

**III. Analysis**

The primary focus of Defendant's motion is the assertion that Superior Dairy was required to exhaust its administrative remedies and failed to do so. Upon review, the Court agrees.

The Agricultural Marketing Agreement Act provides for review of the Secretary's orders as follows:

> (A) Any handler subject to an order may file a written petition with the Secretary of Agriculture, stating that any such order or any provision of any such order or any obligation imposed in connection therewith is not in accordance with law and praying for a modification thereof or to be exempted therefrom. He shall thereupon be given an opportunity for a

> hearing upon such a petition. ... After such hearing, the Secretary shall make a ruling upon the prayer of such petition, which shall be final, if in accordance with law.
>
> (B) The District Courts of the United States in any district in which such handler is an inhabitant, or has his principal place of business, are vested with jurisdiction in equity to review such ruling, provided a bill in equity for that purpose is filed within twenty days from the date of the entry of such ruling.

7 U.S.C. § 608c(15). "The Supreme Court has held that these provisions of the AMAA impose a mandatory administrative exhaustion requirement upon milk handlers seeking to challenge the provisions of a milk marketing order. *United States v. Ruzicka*, 329 U.S. 287." *Edaleen Dairy, LLC v. Johanns*, 467 F.3d 778, 782 (C.A.D.C. 2006).

In support of its motion, the Secretary relies heavily on *Alabama Dairy Prods. Assn., Inc. v. Yeutter*, 980 F.2d 1421 (11th Cir. 1993). In *Alabama Dairy*, the Secretary proposed a merger of four milk orders. The Alabama Dairy Products Association, an association of dairy processors, sought to introduce an alternative merger that would have added another three orders to the merger. The Secretary declined to offer that alternative proposal at the hearing. The Association then sought to enjoin the hearing until the Secretary added its proposal to the agenda. The district court issued an injunction and in reversing, the Eleventh Circuit noted as follows:

> In the case at hand, ADPA did not avail itself of the remedy provided by the AMAA. For this reason, and in light of Supreme Court precedent, we must find that the district court lacked subject matter jurisdiction. ADPA should have participated in the rulemaking hearing, announced any objections it may have had to the merger order, and then exhausted its administrative remedies before seeking review in federal court.

*Alabama Dairy*, 980 F.2d at 1423. That Circuit specifically rejected any argument that a pre-hearing complaint should be exempt from the exhaustion requirement. *Id.* In so doing, the court found that "[s]uch a practice would undermine the Secretary's ability to

function effectively, and would thwart Congressional intent as to when judicial review should occur." *Id.*

Superior Dairy contends that *Alabama Dairy* is not persuasive for several reasons. First, Superior Dairy contends that the holding in that opinion, that the district court lacked jurisdiction, relies upon a faulty theory that has been discredited by subsequent Supreme Court cases. However, in so arguing, Superior Dairy ignores that under the facts and law herein, such a distinction carries no weight.

The Court rejects the assertion that the exhaustion requirement in the AMAA is not jurisdictional. In support of this argument, Superior Dairy relies upon *Hoogerheide v. IRS*, 637 F.3d 634 (6th Cir. 2011), which in turn explained the impact of *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006). "Under *Arbaugh*, we look to see if there is any clear indication that Congress wanted the rule to be jurisdictional[.] *Hoogerheide*. 637 F.3d at 637 (citation and quotation omitted). 7 U.S.C. § 608c(15)(B) speaks *specifically* of jurisdiction – evincing a clear Congressional intent that the exhaustion requirement be treated as jurisdictional.

Second, Superior Dairy contends that the *Alabama Dairy* Court failed to recognize a previously existing distinction between substantive and procedural challenges to the Secretary's decisions. The Court rejects any such claim that *Consolidated-Tomoka Land Co. v. Butz*, 498 F.2d 1208 (5th Cir. 1974) drew a bright line between procedural and substantive challenges.

In *Consolidated-Tomoka*, a group of producers sought to challenge a referendum contending that it was not conducted in accordance with the provisions of the Act. The Court went on to hold as follows:

5

> It is true, as the Government notes, that 7 U.S.C. § 608c(15) establishes a procedure for 'handlers' to challenge, first by petition to the Secretary, and then in the district courts, an order or 'any obligation imposed in connection therewith' on the grounds that the order or obligation 'is not in accordance with law and praying for a modification thereof or to be exempted therefrom.' But we cannot accept the Government's argument that this provision of judicial review for *handlers* affected by the administrative action and seeking one kind of relief precludes an action by *producers* challenging primarily not the order, but the procedure by which it was promulgated. Preclusion of judicial review must be founded on a ground more firm than expressio unius exclusio alterius.

*Id.* at 1210 (emphasis added). Unlike the issue framed in *Consolidated-Tomoka,* this matter does not present an issue where the Court must infer some exhaustion requirement rather than rely upon the plain language of the statute. The plain language of § 608c(15) applies to Superior Dairy, a handler, and therefore, this Court need not rely upon any form of statutory interpretation to apply the exhaustion requirement.

As it relates to the Secretary's refusal to add Superior Dairy's alternatives to the scheduled hearing, the Court finds *Alabama Dairy* to be persuasive and directly on point. Like the association at issue herein, Superior Dairy should have attended the hearing, raised its objections, and then pursued the matter to its administrative end prior to filing suit. Having failed to exhaust its administrative remedies, this Court lacks the jurisdiction to rule on the pending complaint.

The Court also rejects any notion that Superior Dairy's separate request for an independent, national hearing and the Secretary's denial of that request provides an avenue for immediate relief from this Court.

In that regard, Superior Dairy simply seeks to repackage its argument. Superior Dairy first sought to include its proposals in the previously-scheduled hearing. When that request was denied, it requested a national hearing on its exact same proposal. Superior

6

Dairy contends that the Administrative Procedures Act allows for immediate review of this decision as it is a decision not to engage in rulemaking.  In support, Superior Dairy relies upon *Massachusetts v. EPA* 549 U.S. 497 (2007).  In that matter, the Supreme Court held as follows:

> There are key differences between a denial of a petition for rulemaking and an agency's decision not to initiate an enforcement action. In contrast to nonenforcement decisions, agency refusals to initiate rulemaking are less frequent, more apt to involve legal as opposed to factual analysis, and subject to special formalities, including a public explanation. They moreover arise out of denials of petitions for rulemaking which (at least in the circumstances here) the affected party had an undoubted procedural right to file in the first instance. Refusals to promulgate rules are thus susceptible to judicial review, though such review is extremely limited and highly deferential.

*Id.* at 527-28 (citations and quotations omitted).

The Court does not take issue with the premise that a refusal to engage in rulemaking is subject to judicial review.  However, in the context of this case, any claim that the Secretary is not engaged in rulemaking is simply disingenuous.  There is absolutely no question that the Secretary engaged in rulemaking.  Superior Dairy takes issues with nothing other than the *scope* of that rulemaking.  As the Court previously noted, there is an administrative process to follow to challenge the scope of the rulemaking proposed and adopted by the Secretary.

The Court will not allow Superior Dairy to avoid this requirement under the facts presented.  Superior Dairy first sought to include its proposal at the scheduled hearing. When that failed, Superior Dairy sought an independent hearing on solely its proposals. Superior Dairy's first act – proposing alternatives to an already-scheduled hearing – demonstrates beyond all dispute that the Secretary is engaged in rulemaking.

7

Accordingly, any reliance upon the ability to judicially review a decision to not engage in rulemaking is misplaced.

### IV. Conclusion

Based upon the above analysis, the Court finds that it lacks jurisdiction to review Superior Dairy's claim due to its failure to exhaust administrative remedies. The motion to dismiss is GRANTED. The complaint is hereby DISMISSED.

IT IS SO ORDERED

January 31, 2012 　　　　　　　　　　　　　/s/ *Judge John R. Adams*
Date 　　　　　　　　　　　　　　　　JUDGE JOHN R. ADAMS
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT